SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-------------------------------------------------------------------x
JOSEPH GAROFALO,

                         Petitioner/Plaintiff,               Index No.

      -against-

NEW YORK CITY, New York, and KEECHANT       **NOTICE OF PETITION**
SEWELL, in her official capacity,

                        Respondents/Defendants.
-------------------------------------------------------------------x

PLEASE TAKE NOTICE that upon the attached Verified Petition and Complaint of Joseph Garofalo sworn to on the 28th day of November, 2022 with annexed exhibits, Petitioner will move in this Court at 9:30 a.m. on the 13th day of January, 2023 at the Richmond County Supreme Court, 26 Central Avenue Staten Island, NY 10301, for a judgment and order pursuant to (i) CPLR 7803(1) finding that Respondent Keechant Sewell failed to perform a duty enjoined on her by law, to wit, the issuance of a handgun license and rifle/shotgun license to Petitioner who has no disqualifiers under state or federal law to firearm possession; (ii) CPLR 7803(2) finding that Respondent Keechant Sewell acted in excess of her jurisdiction as a state licensing officer by preventing Petitioner, a person eligible to possess firearms under state and federal law, from exercising his Second Amendment rights; and (iii) CPLR 7803(3) nullifying, setting aside, and voiding as arbitrary, capricious and/or illegal Respondent Keechant Sewell's August 2, 2022 denial of (a) Petitioner's application for a handgun license and (b) Petitioner's application for a rifle/shotgun license; and (iv) granting such other, further, and different relief as this Court may deem just and proper.

1

PLEASE TAKE FURTHER NOTICE, that pursuant to Civil Practice Law and Rules 2214(b), you are hereby required to serve copies of your answering affidavits on the undersigned to be received **in hand** no later than seven days prior to the date set above for the submission of this motion.

Dated: December 1, 2022
      Scarsdale, New York

                                       THE BELLANTONI LAW FIRM, PLLC
                                       *Attorneys for Petitioner*

By:     /s/
              Amy L. Bellantoni
              2 Overhill Road, Suite 400
              Scarsdale, New York 10583
              (914) 367-0090 (t)
              (888) 763-9761 (f)
              abell@bellantoni-law.com

SUPREME COURT OF THE STATE OF NEW YORK
RICHMOND COUNTY

-------------------------------------------------------------------x

JOSEPH GAROFALO,

                                        Plaintiff,

                        -against-

NEW YORK CITY, New York, and
KEECHANT SEWELL, in her official capacity,

                                        Defendants.

-------------------------------------------------------------------x

*Index No.:*
*Plaintiff designates*
**Richmond County**
*as the place of trial*

*The basis of venue is*
*Plaintiff's Residence*

*Plaintiff's Residence is:*
**31 Hylan Boulevard**
**Staten Island, NY 10305**

*To the above-named Defendants:*

        **You are hereby summoned** *to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of new York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.*

Dated: December 1, 2022
        Scarsdale, New York

Defendants' addresses:

Keechant Sewell
c/o New York Law Department
100 Church Street
New York, NY

New York City, New York
c/o New York City Comptroller
One Centre Street
New York, NY 10007

THE BELLANTONI LAW FIRM, PLLC
*Attorneys for Plaintiff*

By:   /s/ *Amy L. Bellantoni, Esq.*
      Amy L. Bellantoni
      2 Overhill Road, Suite 400
      Scarsdale, New York 10583
      abell@bellantoni-law.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------------------------------------x
JOSEPH GAROFALO,

                        Petitioner/Plaintiff,                Index No.

     -against-

NEW YORK CITY, New York, and KEECHANT        **VERIFIED PETITION**
SEWELL, in her official capacity,                **AND COMPLAINT FOR**
                                                    **INJUNCTIVE AND**
                                                    **DECLARATORY RELIEF**

                        Respondents/Defendants.
------------------------------------------------------------------x

       Plaintiff, JOSEPH GAROFALO, by and through his attorneys, states his Verified Petition

and Complaint against Defendants as follows:

## NATURE OF THE ACTION

       1.     This is a special proceeding brought pursuant to Article 78 of the CPLR, as well as

a substantive civil action seeking declaratory, injunctive, and other compensatory relief,  to

include presumed monetary damages in at least a nominal amount, costs, disbursements, and

reasonable statutory attorney's fees  pursuant to 42 U.S.C. § 1988, for continuing and irreparable

harm to Plaintiff and all similarly situated individuals residing New York City arising from

violations to their constitutional rights as protected by the Second and Fourteenth Amendments,

42 U.S.C. 1983.

       2.     Pursuant to CPLR 7803(1), (2), and (3) Plaintiff seeks a judgment and order

nullifying and setting aside the August 2, 2022 determinations by the New York City Police

Commissioner as statutory licensing officer for handguns, rifles, and shotguns denying Petitioner's

respective applications for a license to possess handguns, rifles, and shotguns for all lawful

purposes, including self-defense.

1

3.      Under this Court's authority to adjudicate claims arising under 42 U.S.C. 1983, this action also seeks a declaration that the following New York City regulations violate the Second and Fourteenth Amendments:

- 38 RCNY 3-03(a), (e), and (g);

- 38 RCNY 5-10(a), (e), and (g); and

- NYC Administrative Code 10-303(a)(2) and (9).

4.      This action also seeks a declaration that the "arbitrary and capricious" standard for determining Second Amendment challenges under CPLR 7803 violates the Second and Fourteenth Amendments.

5.      This action further seeks to permanently enjoin Defendants, their officers, agents, servants, employees, and all persons acting in concert with Defendants who receive actual notice of the injunction, from enforcing and implementing 38 RCNY 5-10(a), (e), and (g); 38 RCNY 3-03(a), (e), and (g); and NYC Administrative Code 10-303(a)(2) and (9).

6.      New York City's implementation and enforcement of a discretionary licensing scheme for all firearms - handguns, rifles, and shotguns - bans the free exercise of the right to possess weapons for self-defense, as guaranteed by the Second and Fourteenth Amendments.

7.      By enforcing the discretionary denial of and interference with the exercise of these guaranteed rights based on factors that are inconsistent with this Nation's historical tradition of firearm regulation, New York City is violating the Second and Fourteenth Amendments.

## JURISDICTION

8.      This Court has general jurisdiction over Plaintiff's Article 78 claims and federal constitutional claims under 42 U.S.C. 1983.

2

## PARTIES

9.      Plaintiff, Joseph Garofalo, is a natural person, a United States citizen, and a resident of Staten Island, Richmond County, New York.

10.     Defendant, New York City, New York is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of the State.

11.     Defendant, Keechant Sewell, is the New York City Police Commissioner. In that capacity, Commissioner Sewell is the statutory handgun licensing officer for the five boroughs that comprise New York City, including Richmond County. Commissioner Sewell implements her licensing authority through the NYPD License Division. Commissioner Sewell is sued herein in her official capacity only.

12.     As the Police Commissioner of New York City and as the statutory licensing officer for New York City under Penal Law 265.00(10), Commissioner Sewell is the authority from whom relief can be granted to Plaintiff and to whom Plaintiff's harm is directly traceable as she has a statutory duty to enforce the challenged New York City regulations.

13.     Commissioner Sewell and her agents and employees, have a duty to enforce, are responsible for enforcing, and are in fact enforcing, the challenged regulations.

14.     Enjoining Commissioner Sewell, her officers, agents, servants, employees, and all persons acting in concert with her who receive actual notice of such injunction, from enforcing and implementing the challenged statutes and regulations will provide Plaintiff with the injunctive relief that he seeks.

3

## STATEMENT OF FACTS

15.     Joseph Garofalo is a 48-year-old father of 2, born and raised in New York; he is a business owner, and has been gainfully employed for decades. Mr. Garofalo holds a valid concealed carry handgun license issued by the State of Florida.

16.     Mr. Garofalo is a law-abiding individual with no disqualifiers to firearm possession and is eligible to possess, purchase, receive, and transfer firearms under state and federal law. Mr. Garofalo has never been convicted of a crime.

17.     As a certified machine operator, Mr. Garofalo was one of the first to respond to Ground Zero after the 9/11 terrorist attack, where he volunteered for the onsite relocation of debris and steel. Mr. Garofalo was also certified to operate oil trucks throughout New York City for over 17 years. Mr. Garofalo has been TSA TWIC (Transportation Worker Identity Card) certified and was Hazmat certified until its natural expiration in 2016.

18.     The Constitution "unambiguously refers to all members of the political community, not an unspecified subset....

> 'The people' seems to have been a term of art employed in select parts of the Constitution .... [Its uses] sugges[t] that 'the people' protected by the Fourth Amendment, and by the First and Second Amendments, and to whom rights and powers are reserved in the Ninth and Tenth Amendments, refers to a class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community."

*D.C. v. Heller*, 554 U.S. 570, 580 (2008) citing *United States v. Verdugo–Urquidez*, 494 U.S. 259, 265 (1990).

19.     Mr. Garofalo is one of "the People" whose rights are presumptively protected by the U.S. Constitution, including the Second Amendment, which is not "a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees." *McDonald*, 561 U.S. at 780.

20.     Mr. Garofalo applied to the New York City Police Commissioner, License Division for a license to purchase and possess (i) handguns and (ii) rifles /shotguns.

21.     Mr. Garofalo's handgun license application was for a Premise Residence License – to possess handguns in his home only.

22.     By separate letters dated August 2, 2022, the License Division denied Mr. Garofalo's applications for a Premise Residence handgun license and a Rifle/Shotgun license. [See, Exhibits 1 and 2 annexed hereto].

23.     Mr. Garofalo timely filed an internal appeal to the Appeals Unit of the NYPD License Division to challenge the denial of his firearm license applications.

24.     By letter dated August 2, 2022, Mr. Garofalo received a final decision from the NYPD License Division, Appeals Unit, which denied his applications.

***Rifle/Shotgun License Denial - Grounds***

25.     Mr. Garofalo's Rifle/Shotgun License ("R/S") application was denied under NYC Administrative Code 10-303(a)(2), and (9).

26.     The reasons for the denial of Mr. Garofalo's R/S License were that he did not have good "moral character" and for other "good cause."

27.     Mr. Garofalo's R/S License was also denied under 38 RCNY 3-03(a).

28.     The reasons for the denial of Mr. Garofalo's R/S License under 38 RCNY 3-03(a) were that he had been "arrested" on five (5) prior occasions.

29.     None of Mr. Garofalo's prior arrests resulted in a criminal conviction.

30.     According to the License Division, "arrests" alone "cast doubt on [Mr. Garofalo's] ability to follow the rules and regulations pertaining to safe ownership, possession, and use of a firearm."

5

31.     Mr. Garofalo's R/S License application was also denied under 38 RCNY 3-03(e) for failure to disclose 2 of the arrests.

32.     As part of the licensing application, Mr. Garofalo underwent fingerprinting, which resulted in the production of a criminal history report from the Federal Bureau of Investigation and the New York State Division of Criminal Justice Services.

33.     Mr. Garofalo knew that the License Division would conduct a background check, which included a fingerprint-based criminal history search, and that all of his prior arrests would be listed on the FBI and New York State DCJS criminal history reports.

34.     Mr. Garofalo's failure to disclose the 2 prior arrests was unintentional and not committed knowingly – it was simply a mistake. Knowing that his criminal history report would be run through the federal and state databases, he would have no reason to try to hide his prior arrests.

35.     Mr. Garofalo's Rifle/Shotgun License was also denied under 38 RCNY 3-03(g) for having a "domestic violence history."

36.     Mr. Garofalo has no history of violence, domestic or otherwise.

37.     Mr. Garofalo has never been convicted of a crime of domestic violence.

38.     During his divorce, Mr. Garofalo's ex-wife made numerous complaints against him – some of which he was not even aware that she had filed.

39.     Of those that he was made aware, none of the allegations made by Mr. Garofalo's wife involved claims of actual or even threatened violence.

***Premise Residence Handgun License Denial - Grounds***

40.     Mr. Garofalo's Premise Residence Handgun License was denied under various provisions of 38 RCNY 5.

41.     Mr. Garofalo's Premise Residence Handgun License was denied under 38 RCNY 5-10(a) because of the prior arrests detailed above, despite the absence of a criminal (or disqualifying) conviction.

42.     As with the R/S License application, the License Division felt that prior arrests "cast doubt on [Mr. Garofalo's] ability to follow the rules and regulations pertaining to safe ownership, possession, and use of a firearm.".

43.     Mr. Garofalo's Premise Residence Handgun License was also denied under 38 RCNY 5-10(e) for failure to disclose 2 of the arrests.

44.     As with the R/S License, Mr. Garofalo was fully aware that he would be fingerprinted and subject to state and federal background checks, which would reveal all prior arrests.

45.     Mr. Garofalo's failure to disclose the 2 prior arrests on his handgun license application was an unintentional mistake.

46.     Mr. Garofalo's Premise Residence Handgun License was also denied under 38 RCNY 5-10(g) for a "domestic violence history."

47.     Mr. Garofalo has no domestic violence history.

48.     Mr. Garofalo's ex-wife filed numerous Domestic Incident Reports, some of which he did not know were filed; none alleged violence, nor did they result in a criminal conviction.

## STATEMENT OF LAW

49.     The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

50.     The Second Amendment does not bestow any rights to the individual to possess and carry weapons to protect himself; it prohibits the government from infringing upon the basic, fundamental right of the individual to keep and bear arms for self-defense in the event of a violent confrontation. See, *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. Chicago*, 561 U.S. 742 (2010); *Caetano v. Massachusetts*, 577 U.S. 411 (2016), and *NYSRPA v. Bruen*, 142 S.Ct. 2111 (June 23, 2022).

51.     In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, the Supreme Court declared, "In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution ***presumptively protects*** that conduct." *Bruen*, at 2126 (emphasis added).

52.     Plaintiff's right to purchase and possess handguns, rifles, and shotguns is conduct covered by the plain text of the Second Amendment and presumptively protected by the U.S. Constitution.

53.     The *Bruen* Court continued,

> "To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation.
>
> Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command. *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n. 10 (1961)."

8

*Bruen*, at 2126.

54.     Handguns, rifles, and shotguns are weapons in common use for lawful purposes, including self-defense.

55.     None of the challenged regulations are consistent with this Nation's historical traditions of firearm regulation; each should be declared violative of the Second and Fourteenth Amendments and permanently enjoined.

### *New York City's Regulations*

<u>38 RCNY 5-10: Grounds for Denial of Handgun License</u>

56.     Handguns are the most common, and the preferred modality and means of self-protection in the home. *Heller*, at 628, citing, *Parker v District of Columbia*, 375 U.S. App. D.C. 140, 169, 478 F3d 370, 400 (2007).

57.     38 RCNY 5-10, entitled "Grounds for Denial of Handgun License", provides:

"In addition to other bases for disqualification pursuant to federal, state, and local law and this chapter, an application for a handgun license may be denied where it is determined that an applicant lacks good moral character or that other good cause exists for denial, pursuant to New York State Penal Law § 400.00 (1). Such a determination shall be made based upon consideration of the following factors:

(a)   The applicant has been arrested, indicted or convicted for a crime or violation except minor traffic violations, in any federal, state or local jurisdiction.

(b)   The applicant has been other than honorably discharged from the Armed Forces of this country.

(c)   The applicant has or is reasonably believed to have a disability or condition that may affect the ability to safely possess or use a handgun, including but not limited to alcoholism, drug use or mental illness.

(d)   The applicant is or has been an unlawful user of, or addicted to, a controlled substance or marijuana.

(e)   The applicant made a false statement on her/his application, or failed to disclose her/his complete arrest history, including sealed arrests. Sealed arrests are made available to the License Division pursuant to Article 160 of the Criminal Procedure Law when an application has been made for a license to possess a gun.

(f)   The applicant is the subject of an order of protection or a temporary order of protection.

(g)   The applicant has a history of one or more incidents of domestic violence.

(h)   The applicant has a poor driving history, has multiple driver license suspensions or has been declared a scofflaw by the New York State Department of Motor Vehicles.

(i)   The applicant has failed to comply with federal, state or local law or with Police Department rules governing possession and use of firearms, rifles, shotguns or ammunition.

(j)   The applicant has been terminated from employment under circumstances that demonstrate lack of good judgment or lack of good moral character.

(k)   The applicant has demonstrated an inability to safely store firearms, such as through a history of lost/stolen firearms.

(l)   The applicant has failed to pay legally required debts such as child support, taxes, fines or penalties imposed by governmental authorities.

(m)   The applicant fails to cooperate with the License Division's investigation of her/his application or fails to provide information requested by the License Division or required by this chapter.

(n)   Other information demonstrates an unwillingness to abide by the law, a lack of candor towards lawful authorities, a lack of concern for the safety of oneself and/or other persons and/or for public safety, and/or other good cause for the denial of the license. In evaluating incidents or circumstances pursuant to this section, the License Division shall consider all relevant factors, including but not limited to the number, recency and severity of incidents and the outcome of any judicial or administrative proceedings."

## 38 RCNY 3-03: Grounds for Denial of Rifle/Shotgun Permit

58.   38 RCNY 3-03, entitled "Grounds for Denial of Permit", mirrors the grounds for

the denial of a handgun license under 38 RCNY 5-10:

"In addition to other bases for disqualification pursuant to federal, state, and local law and this chapter, an application for a rifle/shotgun permit may be denied where it is determined that an applicant lacks good moral character or that other good cause exists for denial, pursuant to § 10-303 of the Administrative Code of the City of New York. Such a determination shall be made based upon consideration of the following factors:

(a)   The applicant has been arrested, indicted or convicted for a crime or violation except minor traffic violations, in any federal, state or local jurisdiction.

(b)   The applicant has been other than honorably discharged from the Armed Forces of this country.

(c)   The applicant has or is reasonably believed to have a disability or condition that may affect the ability to safely possess or use a rifle or shotgun, including but not limited to alcoholism, drug use or mental illness.

(d)   The applicant is or has been an unlawful user of, or addicted to, a controlled substance or marijuana.

(e)   The applicant made a false statement on her/his application, or failed to disclose her/his complete arrest history, including sealed arrests. Sealed arrests are made available to the License Division pursuant to Article 160 of the Criminal Procedure Law when an application has been made for a permit to possess a gun.

(f)   The applicant is the subject of an order of protection or a temporary order of protection.

(g)   The applicant has a history of one or more incidents of domestic violence.

(h) The applicant has a poor driving history, has multiple driver license suspensions or has been declared a scofflaw by the New York State Department of Motor Vehicles.

(i) The applicant has failed to comply with federal, state or local law or with Police Department rules governing possession and use of handguns, rifles, shotguns or ammunition.

(j) The applicant has been terminated from employment under circumstances that demonstrate lack of good judgment or lack of good moral character.

(k) The applicant has demonstrated an inability to safely store firearms, such as through a history of lost/stolen firearms.

(l) The applicant has failed to pay legally required debts such as child support, taxes, fines or penalties imposed by governmental authorities.

(m) The applicant fails to cooperate with the License Division's investigation of her/his application or fails to provide information requested by the License Division or required by this chapter.

(n) Other information demonstrates an unwillingness to abide by the law, a lack of candor towards lawful authorities, a lack of concern for the safety of oneself and/or other persons and/or for public safety, and/or other good cause for the denial of the permit. In evaluating incidents or circumstances pursuant to this section, the License Division shall consider all relevant factors, including but not limited to the number, recency and severity of incidents and the outcome of any judicial or administrative proceedings."

NYC Administrative Code § 10-303:
Permits for Possession and Purchase of Rifles and Shotguns

59.     NYC Admin. Code § 10-303, entitled "Permits for Possession and Purchase of Rifles and Shotguns provides:

"It shall be unlawful to dispose of any rifle or shotgun to any person unless said person is the holder of a permit for possession and purchase of rifles and shotguns; it shall be unlawful for any person to have in his or her possession any rifle or shotgun unless said person is the holder of a permit for the possession and purchase of rifles and shotguns. The disposition of a rifle or shotgun, by any licensed dealer in rifles and shotguns, to any person presenting a valid rifle and shotgun permit issued to such person, shall be conclusive proof of the legality of such disposition by the dealer.

a. Requirements. No person shall be denied a permit to purchase and possess a rifle or shotgun unless the applicant:

(1) is under the age of twenty-one; or

(2) is not of good moral character; or

(3) has been convicted anywhere of a felony; of a serious offense as defined in § 265.00 (17) of the New York State Penal Law; of a misdemeanor crime of domestic violence as defined in § 921 (a) of title 18, United States Code; of a misdemeanor crime of assault as defined in the penal law where the applicant was convicted of such assault within the

11

ten years preceding the submission of the application; or of any three misdemeanors as defined in local, state or federal law, however nothing in this paragraph shall preclude the denial of a permit to an applicant with fewer than three misdemeanor convictions; or

(4) has not stated whether he or she has ever suffered any mental illness or been confined to any hospital or institution, public or private, for mental illness; or

(5) is not now free from any mental disorders, defects or diseases that would impair the ability safely to possess or use a rifle or shotgun; or

(6) has been the subject of a suspension or ineligibility order issued pursuant to § 530.14 of the New York State Criminal Procedure Law or § 842-a of the New York State Family Court Act; or

(7) who is subject to a court order that

(a) was issued after a hearing of which such person received actual notice, and at which such person had the opportunity to participate;

(b) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and (c)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;

(d) For purposes of this section only, "intimate partner" means, with respect to a person, the spouse of the person, a former spouse of the person, an individual who is a parent of a child of the person, and an individual who cohabitates or has cohabitated with the person; or

(8) has been convicted of violating section 10-303.1 of this chapter; or

(9) unless good cause exists for the denial of the permit."

60.     The only lawful manner of purchasing and/or possessing handguns, rifles, and shotguns in New York City is by first obtaining a license from the New York City Police Commissioner, License Division.

61.     The purchase and possession of handguns, rifles, and shotguns is a guaranteed individual right protected by the Second and Fourteenth Amendments.

62.     As a statutory licensing officer, Defendant/Respondent Sewell has a duty and obligation to issue firearm licenses to all applicants who are not prohibited under state and/or federal law from possessing firearms in the first instance.

12

63.     By denying Mr. Garofalo's applications for a Premise Residence Handgun License and R/S License, Respondent Sewell has failed to perform a duty enjoined upon her by law.

64.     In *Bruen*, the Supreme Court approved of "narrow, objective, and definite standards guiding licensing officials" in shall-issue states and rejected the may-issue regimes, like New York State's, that "require[e] the appraisal of facts, the exercise of judgment, and the formation of an opinion." *Bruen*, at 2138, n. 9, 2162 (citations and internal quotation marks omitted).

65.     The *Bruen* Court went on to condition the continuation of 'may-issue' handgun licensing schemes, like New York: "so long as those States employ objective licensing requirements like those used by the 43 shall-issue States." *Bruen*, 2162.

66.     The challenged regulations are patently inconsistent with the plain language of the Second Amendment, this Nation's historical traditions of firearm regulation, and Supreme Court jurisprudence in *Heller, McDonald*, *Caetano,* and *Bruen*.

67.     By denying Mr. Garofalo's applications for a Premise Residence Handgun License and R/S License, Respondent Sewell has acted without and/or in excess of her jurisdiction as a statutory licensing officer.

68.     Respondent Sewell's denial of Mr. Garofalo's applications for a Premise Residence Handgun License and R/S License were arbitrary, capricious and an abuse of discretion.

69.     To that issue, the Article 78 standard of "arbitrary, capricious and abuse of discretion" for assessing challenges to the denial of a firearm license itself violates the Second and Fourteenth Amendments.

70.     The Article 78 "arbitrary and capricious" standard violates the Second and Fourteenth Amendments because, *inter alia,* it (i) employs a test that improperly places the burden

13

of proof on the individual seeking to exercise his Second Amendment rights; and (ii) requires a burden of proof *less than* even the intermediate scrutiny standard.

71.    The right to possess handguns is not a privilege – it is a preexisting Right, *presumptively protected* by the Second and Fourteenth Amendments. *Bruen*, at 2126.

72.    The Supreme Court has *thrice* rejected 'interest balancing' and intermediate scrutiny tests for Second Amendment challenges. See, *Heller*, *McDonald*, and *Bruen.*

73.    But "when the Second Amendment's plain text covers an individual's conduct, the Constitution *presumptively protects* that conduct." *Bruen*, at 2126 (emphasis added).

74.    The individual challenging regulations that interfere with such conduct, like Plaintiff, has no burden of proof because it is *presumed* that he has a Right to engage in that protected conduct.

75.    Because the plain text of the Second Amendment covers Plaintiff's conduct,  the burden of proof rests squarely on Defendants.

76.    "To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." *Bruen*, at 2126 (citation omitted).

77.    As a direct result in the City's regulations, Plaintiff has suffered and continues to suffer the absolute ban of his Right to possess handguns, rifles, and shotguns, compensatory damages in at least a nominal amount, presumed damages for the violations of his constitutional

rights, attorney's fees over $2500, which continue to accrue, costs and disbursements, reasonable statutory attorney's fees, and such other further relief as this Court deems just and proper.

## DECLARATORY RELIEF ALLEGATIONS

78.     Plaintiff seeks a judicial declaration that 38 RCNY 5-10(a), (e), and (g); 38 RCNY 3-03(a), (e), and (g); and New York City Administrative Code 10-303(a)(2) and (9) are inconsistent with this Nation's historical traditions of firearm regulations and violate the Second and Fourteenth Amendment to the U.S. Constitution.

79.     Plaintiff seeks a judicial declaration that the arbitrary and capricious standard under CPLR 7803(3) for determining final decisions that implicate the Second Amendment right to keep and bear arms is unconstitutional.

## INJUNCTIVE RELIEF ALLEGATIONS

80.     Defendants are causing Plaintiff to suffer an injury-in-fact by the absolute ban of his ability to exercise the rights protected by the Second and Fourteenth Amendments caused by the implementation and enforcement of the challenged regulations.

81.     Defendants' conduct has permanently banned Plaintiff's ability to purchase, possess, and/or receive firearms.

82.     Plaintiffs seeks to preliminarily and permanently enjoin Defendants, their officers, agents, servants, employees, and all persons acting in concert with Defendants who receive actual notice of the injunction, from enforcing and implementing 38 RCNY 5-10(a), (e), and (g); 38 RCNY 3-03(a), (e), and (g); and New York City Administrative Code 10-303(a)(2) and (9).

## AS AND FOR A FIRST CAUSE OF ACTION

### [Second and Fourteenth Amendments, 42 U.S.C. § 1983]

83.     Repeats and realleges paragraphs 1 through 82 as if set forth in their entirety herein.

84.     New York City, New York is liable to Plaintiff for violating his Second and Fourteenth Amendment rights. 42 U.S.C. § 1983.

## AS AND FOR A SECOND CAUSE OF ACTION

### [*Monell* liability, 42 U.S.C. § 1983]

85.     Repeats and realleges paragraphs 1 through 84 as if set forth in their entirety herein.

86.     New York City, New York is liable to Plaintiff for violating his Second and Fourteenth Amendment rights under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); 42 U.S.C. § 1983.

WHEREFORE, Plaintiff respectfully requests that this Court issue a Judgment and Order:

- Holding Respondent Keechant Sewell failed to perform a duty enjoined on her by law, to wit, the issuance of a handgun license and rifle/shotgun license to Petitioner who has no disqualifiers under state or federal law to firearm possession. CPLR 7803(1);

- Holding that Respondent Keechant Sewell acted in excess of her jurisdiction as a state licensing officer by preventing Petitioner, a person eligible to possess firearms under state and federal law, from exercising his Second Amendment rights. CPLR 7803(2);

- Nullifying, setting aside, and voiding as arbitrary, capricious and/or illegal Respondent Keechant Sewell's August 2, 2022 denial of (a) Petitioner's application for a handgun license and (b) Petitioner's application for a rifle/shotgun license. CPLR 7803(3);

- Declaring 38 RCNY 5-10 (a), (e), and (g) unconstitutional and a violation of the Second and Fourteenth Amendments;

16

- Declaring 38 RCNY 3-03(a), (e), (h) and (g) unconstitutional and a violation of the Second and Fourteenth Amendments;

- Declaring New York City Administrative Code 10-303(a)(2) and (9) unconstitutional and a violation of the Second and Fourteenth Amendments;

- Declaring that 38 RCNY 5-10 (a), (e), and (g), 38 RCNY 3-03(a), (e), (h) and (g), and New York City Administrative Code 10-303(a)(2) and (9) violated Plaintiff's Second and Fourteenth Amendment rights;

- Declaring that implementation of the 'arbitrary and capricious' standard under CPLR 7803(3) to determine final determinations that implicate the Second Amendment is unconstitutional;

- Preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons acting in concert with Defendants who receive actual notice of the injunction, from enforcing and implementing 38 RCNY 5-10(a), (e), and (g); 38 RCNY 3-03(a), (e), and (g); and New York City Administrative Code 10-303(a)(2) and (9);

- Awarding Plaintiff compensatory damages against New York City, New York;

- Awarding Plaintiff presumed monetary damages in at least a nominal amount for the presumed violations of his constitutional rights against New York City, New York;

- Declaring that Plaintiff is a prevailing party for purposes of awarding reasonable attorney's

- fees under 42 USC § 1988;

- Awarding reasonable attorney's fees under 42 USC § 1988;

- Awarding Plaintiff economic damages in an amount of at least $2,500;

- Awarding Plaintiff costs and disbursements; and

- Awarding such other, further, and different relief as this Court may deem just and proper.

17

Dated: November 22, 2022
      Scarsdale, New York

THE BELLANTONI LAW FIRM, PLLC
*Attorneys for Petitioner/Plaintiff*

By:      *Amy L. Bellantoni*
           Amy L. Bellantoni, Esq.
           2 Overhill Road, Suite 400
           Scarsdale, New York 10583
           (914) 367-0090 (t)
           (888) 763-9761 (f)
           abell@bellantoni-law.com

18

# VERIFICATION

STATE OF NEW YORK          )
                            ) ss.:
COUNTY OF  ~~RICHMOND~~     )
           Westchester

    JOSEPH GAROFALO, being duly sworn, deposes and says: I am the Petitioner/Plaintiff herein, I have read the foregoing Verified Petition/Complaint for Declaratory and Injunctive Relief by my attorney, Amy L. Bellantoni, the factual allegations of which are true to my personal knowledge except to the extent alleged upon information and belief and as to the latter I believe them to be true.

                                                    11-28.2022
                                Joseph Garofalo

Sworn to before me this
28th day of November, 2022

Amy L. Bellantoni
Notary Public State of New York
Westchester County
Lic. #02BE6310086
Comm. Exp. _____

2

# EXHIBIT   1



**POLICE DEPARTMENT**
**License Division**
**One Police Plaza, Room 110A**
**New York, New York 10038**

## NOTICE OF DISAPPROVAL AFTER APPEAL

August 2, 2022

Amy Bellantoni
2 Overhill Road, Suite 400
Scarsdale, NY 10583

Application # RS2020025040
Appeal # 027/22

Dear Ms. Bellantoni:

I am writing in response to your appeal of the disapproval of your client's Rifle/Shotgun Permit application. The appeal is denied.

Pursuant to Section 10-303(a)(2) and (9), of the New York City Administrative Code, an application for a Rifle/Shotgun permit may be denied when an applicant is not of good moral character. Title 38 of the Rules of The City of New York (RCNY), Section 3-03, provides a list of what is considered in assessing moral character.

Pursuant to 38 RCNY 3-03(a), the License Division considers an applicant's complete arrest history. The police arrested your client on five (5) occasions:

11/18/15-Criminal Contempt-1st; violating an Order of Protection by going to his ex-wife's house and calling her phone and leaving a voicemail.
11/09/15-Criminal Contempt-1st: violating an Order of Protection by going to his ex-wife's house.
10/08/15- Criminal Contempt-2nd: Disobeying a Court Order by calling son and saying "I don't give a f***, I'm not texting you, I'm talking to you".
05/07/2010-Criminal Possession of Controlled Substance-7th, Criminal Possession of Marijuana in public -5th, Unlawful Possession of Marijuana-2nd
01/30/1995- Aggravated Unlicensed Operation of a Motor Vehicle- 3rd

Even if the License Division were to disregard the arrests that are older than ten (10) years, the most recent ones are the most troubling, due to your alleged repeated inability to follow the

Court's orders. This casts doubt on your client's ability to follow the rules and regulations pertaining to safe ownership, possession, and use of a firearm.

Pursuant to 38 RCNY 3-03(e), the License Division considers an applicant's failure to disclose their full arrest history. Your client failed to disclose the 1995 arrest and one of the criminal contempt arrests on your Rifle/Shotgun permit application, as required.

Pursuant to 38 RCNY 3-03(g), the License Division considers an applicant's domestic violence incident history. Your client has fifteen (15) Domestic Incident Reports (DIR) spanning from 2015-2021 including one where he is listed as the victim/reporter. He failed to disclose all them on his application. The application asks if "…you have ever been involved in a domestic incident which was reported to the police?". Mr. Garofalo marked off "No". A total of six (6) of the DIRs indicate that your client was present when police officers arrives; five (5) of the reports made against him and one in which he was the victim. At the very least, he was aware of and should have disclosed the DIR in which he was the reporter.

The appeal claims that the DIRs are only from 2014-2015 and were made by his wife during the divorce. Four (4) of these reports were in the last five (5) years with the most recent report being from 07/06/2021. The DIR from that date indicates that Mr. Garofalo was present when the police arrived. Even in the appeal, his DIR history is not fully disclosed.

The appeal explains that your client's criminal summons history was due to his employer's truck being overweight and that his driving history record is from 1994-1998. Your client's driving record is attenuated and will not be considered as a reason for denial on appeal.

The License Division evaluated this case in light of the <u>N.Y. State Rifle & Pistol Ass'n v. Bruen</u> decision. The Court makes it clear that "…regimes may require a license applicant to undergo fingerprinting, a background check, a mental health records check, and training in firearms handling and in laws regarding the use of force, among other possible requirements". *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). Your client's background check yielded both arrests and Domestic Violence Incidents that raise doubt about his ability to safely own, possess, and use a firearm and were not disclosed. These reasons allow the License Division to deny your client's application.

For the reasons stated above, your appeal of the disapproval of your client's Rifle/Shotgun permit application is denied. You may appeal this decision by filing an Article 78 petition within four months of the date on this letter.

Very truly yours,

Nicole Berkovich
Director

CC:     Joseph Garofalo
        31 Hylan Blvd #9A
        Staten Island, NY 10305

**EXHIBIT  2**



**POLICE DEPARTMENT**
License Division
One Police Plaza, Room 110A
New York, New York 10038

## NOTICE OF DISAPPROVAL AFTER APPEAL

August 2, 2022

Amy Bellantoni
2 Overhill Road, Suite 400
Scarsdale, NY 10583

Application # PR202002503
Appeal # 028/22

Dear Ms. Bellantoni:

I am writing in response to your appeal of the disapproval of your client's Premise Residence license application. The appeal is denied.

Section 400.00 of the New York State Penal Law states that "no license shall be issued except for an applicant... (b) of good moral character..." Title 38 of the Rules of The City of New York (RCNY), Section 5-10, provides a list of what is considered in assessing moral character.

Pursuant to 38 RCNY 5-10(a), the License Division considers an applicant's complete arrest history. The police arrested your client on five (5) occasions:

11/18/15-Criminal Contempt-1st; violating an Order of Protection by going to his ex-wife's house and calling her phone and leaving a voicemail.
11/09/15-Criminal Contempt-1st; violating an Order of Protection by going to his ex-wife's house.
10/08/15- Criminal Contempt-2nd; Disobeying a Court Order by calling son and saying "I don't give a f***, I'm not texting you, I'm talking to you".
05/07/2010-Criminal Possession of Controlled Substance-7th, Criminal Possession of Marijuana in public -5th, Unlawful Possession of Marijuana-2nd
01/30/1995- Aggravated Unlicensed Operation of a Motor Vehicle- 3rd

Even if the License Division were to disregard the arrests that are older than ten (10) years, the most recent ones are the most troubling, due to your alleged repeated inability to follow the Court's orders. This casts doubt on your client's ability to follow the rules and regulations pertaining to safe ownership, possession, and use of a firearm.

Pursuant to 38 RCNY 5-10(e), the License Division considers an applicant's failure to disclose their full arrest history. Your client failed to disclose the 1995 arrest and one of the criminal contempt arrests on your Rifle/Shotgun permit application, as required.

Pursuant to 38 RCNY 5-10(g), the License Division considers an applicant's domestic violence incident history. Your client has fifteen (15) Domestic Incident Reports (DIR) spanning from 2015-2021 including one where he is listed as the victim/reporter. He failed to disclose all them on his application. The application asks if "…you have ever been involved in a domestic incident which was reported to the police?". Mr. Garofalo marked off "No". A total of six (6) of the DIRs indicate that your client was present when police officers arrives; five (5) of the reports made against him and one in which he was the victim. At the very least, he was aware of and should have disclosed the DIR in which he was the reporter.

The appeal claims that the domestic incident reports are only from 2014-2015 and were made by his wife during the divorce. Four (4) of these reports were in the last five (5) years with the most recent report being from 07/06/2021. The DIR from that date indicates that Mr. Garofalo was present when the police arrived. Even in the appeal, his DIR history is not fully disclosed.

The appeal explains that your client's criminal summons history was due to his employer's truck being overweight and that his driving history record is from 1994-1998. Your client's driving record is attenuated and will not be considered as a reason for denial on appeal.

The License Division evaluated this case in light of the <u>N.Y. State Rifle & Pistol Ass'n v. Bruen</u> decision. The Court makes it clear that"…regimes may require a license applicant to undergo fingerprinting, a background check, a mental health records check, and training in firearms handling and in laws regarding the use of force, among other possible requirements". *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). Your client's background check yielded both arrests and Domestic Violence Incidents that raise doubt about his ability to safely own, possess, and use a firearm and were not disclosed. These reasons allow the License Division to deny your client's application.

For the reasons stated above, your appeal of the disapproval of your client's Premise Residence license application is denied.

You may appeal this decision by filing an Article 78 petition within four months of the date on this letter.

Very truly yours,

Nicole Berkovich
Director

CC:   Joseph Garofalo
      31 Hylan Blvd #9A
      Staten Island, NY 10305