UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOSEPH GAROFALO,

                           Plaintiff,                    Case No.: 22 Civ. 07620

      -against-

NEW YORK CITY, New York,
KEECHANT SEWELL, in her Official
Capacity,

                           Defendants.
-------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO REMAND

**The Bellantoni Law Firm, PLLC**
*Attorneys for Petitioner/Plaintiff*
2 Overhill Road, Suite 400
Scarsdale, New York 10583
abell@bellantoni-law.com

# TABLE OF AUTHORITIES

Page(s)

**Cases**

TABLE OF AUTHORITIES ................................................................................................. i

I. ON SECOND AMENDMENT ISSUES, NEW YORK STATE COURTS
   ARE BETTER EQUIPPED .................................................................................... 1

II. THIS PROCEEDING/ACTION SHOULD BE REMANDED UNDER CARVER ................. 2

III. STATE COURT IS BETTER ABLE TO ADJUDICATE HYBRID PROCEEDINGS .......... 5

IV. CPLR 506(b) PRECLUDES ADJUDICATION OF THIS
    PROCEEDING IN BROOKLYN ............................................................................ 5

CONCLUSION ................................................................................................................. 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*24 Franklin Ave. R.E. Corp. v. Heaship*,
  74 A.D.3d 980 ............................................................................................................. 5

*Allstate Ins. Co. v. Serio*,
  261 F.3d 143 (2d Cir.2001) ......................................................................................... 3

*Alltow, Inc. v. Vill. of Wappingers Falls*,
  94 A.D.3d 879 (2d Dept. 2012) ................................................................................... 5

*Applegate v. Heath*,
  88 A.D.3d 699 (2d Dept. 2011) ................................................................................... 4

*Blue v. Zucker*,
  192 A.D.3d 1693 (4th Dept. 2021) .............................................................................. 4

*C.F. v. New York City Dep't of Health & Mental Hygiene*,
  191 A.D.3d 52 (2d Dept. 2020) ................................................................................... 5

*Camacho v. Brandon*,
  56 F.Supp.2d 370 (S.D.N.Y.1999) .............................................................................. 6

*Carver v. Nassau Cnty. Interim Fin. Auth.*,
  730 F.3d 150 (2d Cir. 2013) ........................................................................................ 3

*Coma Realty Corp. v. Davis*,
  200 A.D.3d 975 (2d Dept. 2021) ................................................................................. 4

*D.C. v. Heller*,
  554 U.S. 570 (2008) ............................................................................................ 1, 2, 3

*Dorce v. City of New York*,
  2 F.4th 82 (2d Cir. 2021) ............................................................................................. 6

*E. End Eruv Ass'n, Inc. v. Town of Southampton*,
  2014 WL 4826226 (E.D.N.Y. Sept. 24, 2014) ............................................................ 6

*Felder v. Casey*,
  487 U.S. 131 (1988) .................................................................................................... 4

*Greenberg v. Assessor of Town of Scarsdale*,
  121 A.D.3d 986 (2014) ................................................................................................ 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Heller v. D.C.*,
   670 F.3d 1244 (D.C. Cir. 2011) .................................................................................. 1

*Kachalsky v. Cnty. of Westchester*,
   701 F.3d 81 (2d Cir. 2012) ........................................................................................... 2

*Matter of Rosenberg v. New York State Off. of Parks, Recreation, & Historic*,
   94 A.D.3d 1006 ............................................................................................................ 5

*Mulcahy v. New York City Dep't of Educ.*,
   99 A.D.3d 535 (1st Dept. 2012) ................................................................................... 4

*Pickering v. Bd. of Ed.*,
   391 U.S. 563 (1968) ..................................................................................................... 5

*Rogers v. Grewal*,
   207 L. Ed. 2d 1059, 140 S. Ct. 1865 (2020) ................................................................ 1

*Rojas v. Suffolk Cnty. Sheriff's Off.*,
   73 N.Y.S.3d 860 (N.Y. Sup. Ct. 2018) ........................................................................ 5

*Spence v. New York State Dep't of Agric. & Markets*,
   154 A.D.3d 1234 (2d Dept. 2018) ................................................................................ 5

*Westside Grocery & Deli, LLC v. City of Syracuse*,
   211 A.D.3d 1551 (N.Y. App. Div. 2022) .................................................................... 4

**Statutes**

28 USC 1441(a) .................................................................................................................. 5
42 USC § 1983 ............................................................................................................... 4, 5

**Rules**

CPLR 506 ................................................................................................................... 5, 6, 7
CPLR 7803 .......................................................................................................................... 4
CPLR 7804 (g) .................................................................................................................... 4
CPLR 7804(a), (b) .............................................................................................................. 6

# I. ON SECOND AMENDMENT ISSUES, NEW YORK STATE COURTS ARE BETTER EQUIPPED

Generally, it would be easy to agree with Respondents that constitutional issues are best adjudicated by the federal courts. But not when it comes to Second Amendment challenges in the Second Circuit.

There are no new or novel[1] Second Amendment issues to be decided in this case. The same standard that was applied by the Supreme Court in *Heller*, repeated in *McDonald*, and reiterated in *Bruen* also applies here: text, history, and tradition.

For over a decade, the courts in this Circuit have misinterpreted the Second Amendment, misapplied the proper standard of analysis, and failed to follow Supreme Court jurisprudence when it comes to Second Amendment challenges.

In *Heller*, the Supreme Court looked only to the text of the Second Amendment and the history and tradition of firearm regulation in this Nation – declining even to apply strict scrutiny – when holding that the plain "textual elements of the Second Amendment guarantee the individual right to possess and carry weapons in case of confrontation"[2], only excepting from the class of "law abiding" individuals "felons and the mentally ill." *Heller,* at 626.

But notwithstanding the analytical roadmap laid out by the Supreme Court, the Second Circuit "entirely made up"[3] a two-part test applying intermediate scrutiny to a constitutional right of such importance that Justice Breyer criticized the *Heller* majority for "declining to establish a level of scrutiny for evaluating Second Amendment restrictions"[4]; the *Heller* majority went on to

---

[1] Respondents/Defendants' Memo of Law at p. 3.
[2] *D.C. v. Heller*, 554 U.S. 570, 592 (2008) ("Putting all of these textual elements together, we find that they guarantee the individual right to possess and carry weapons in case of confrontation.").
[3] *Rogers v. Grewal*, 207 L. Ed. 2d 1059, 140 S. Ct. 1865, 1867 (2020) (Thomas, J. dissenting) ("For one, the courts of appeals' test appears to be entirely made up.") citing, *Heller v. D.C.,* 670 F.3d 1244, 1283 (D.C. Cir. 2011) (Kavanaugh, J., dissenting) (listing constitutional rights that are not subject to means-ends scrutiny).
[4] *Heller*, at 634.

reject Justice Breyer's "judge-empowering interest-balancing inquiry"[5] – the very test created by the Second Circuit and implemented in New York's federal and state courts.

*Bruen* did not create anything new or novel. Rather, the Court spoon-fed to the circuits its extensive and detailed analysis from *Heller* and, "in keeping with *Heller*" [*Bruen*, at 2126] provided directions to follow in Second Amendment challenges. And then, to ensure that there would be no confusion in the Circuit Courts, *Bruen* had to "reiterate" for a second time, "the standard for applying the Second Amendment." *Bruen,* at 2129–30.

From *Heller* through its decision in *Kachalsky*[6], and up and including to affirming the district court in *Bruen*, the Second Circuit and its district courts have gotten the Second Amendment analysis wrong. New York State Supreme Court justices, many of whom are or were handgun licensing officers (outside of New York City), have the experience and knowledge of the licensing process and are more likely to adhere to *Supreme Court* precedent on Second Amendment issues than make up their own test. Any appeal from Richmond County will be heard in the Second Department, Appellate Division, which handles numerous Article 78 firearm licensing cases, as well as constitutional claims[7] from the upstate counties where judges are firearm licensing officers. Penal Law § 265.00.

## II.  THIS PROCEEDING/ACTION SHOULD BE REMANDED UNDER *CARVER*

The constitutional issues in this proceeding/action are not limited to whether the City violated Plaintiff's Second Amendment rights by depriving him of the right to possess a handgun in his home for self-defense, or whether the City's statutes violate the Second Amendment.

---

[5] *Heller*, at 634.
[6] *Kachalsky v. Cnty. of Westchester*, 701 F.3d 81 (2d Cir. 2012), abrogated by *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)
[7] State court judges routinely apply constitutional standards and principles to the factual scenarios before them as in, for instance, Fourth and Fifth Amendment suppression issues. The state courts are as equipped to apply the proper standard in Second Amendment cases as they already apply *Miranda v. Arizona* and *Terry v. Ohio* in the criminal context.

This hybrid proceeding/action requires a resolution of whether applying New York State's standard for reviewing determinations made by firearm licensing officials under CPLR Article 78 is unconstitutional.

While the Second Amendment standard to be applied to Plaintiff's § 1983 claims against New York City is neither new or novel[8], as discussed above, the constitutionality of New York State's Article 78 standard does turn on a novel and unresolved question of state law and should be decided by the state courts. See, e.g., *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 154–55 (2d Cir. 2013), as corrected (Sept. 27, 2013) ("where a pendent state claim turns on novel or unresolved questions of state law, especially where those questions concern the state's interest in the administration of its government, principles of federalism and comity may dictate that these questions be left for decision by the state courts.").

"[W]hile federal courts should where possible exercise jurisdiction, where a decision is to be made on the basis of state law ... the Supreme Court has long shown a strong preference that the controlling interpretation of the relevant statute be given by state, rather than federal, courts." *Carver,* at 156 quoting, *Allstate Ins. Co. v. Serio*, 261 F.3d 143, 150 (2d Cir.2001).

While the *Carver* Court directed the district court to remand the Article 78 proceeding and retain jurisdiction over the federal claims, for this Court to retain jurisdiction over Plaintiffs' § 1983 challenge to the constitutionality of the Article 78 standard would interfere with New York State's sovereign immunity and is more appropriately adjudicated in state court.

---

[8] *Bruen*'s "text, history, and tradition" test was annunciated long ago in *Heller* – as was the rejection of public safety interest balancing that formed the foundation of the Second Circuit's intermediate scrutiny test for Second Amendment challenges. "Like the First [Amendment], [the Second Amendment] is the very product of an interest balancing by the people—which Justice BREYER would now conduct for them anew. And whatever else it leaves to future evaluation, it surely elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home. *Heller*, at 635.

3

Unlike deciding whether a particular criminal statute is unconstitutional, which the federal and state courts do as a matter of course, Article 78 is not just another statute. Article 78 is part of New York State's civil practice and procedural rules, proceedings that the New York Supreme and Appellate Division Courts are familiar with and routinely adjudicate – on firearm licensing issues and other agency determinations statewide. As the constitutionality of Article 78 will have a precedential effect statewide if adjudicated in this court, but only in Richmond County if adjudicated at the county level, and thereafter reviewed by the Appellate Division which is better equipped to fashion a resolution that have a direct interest in preserving the State's procedures, this Court should decline to retain jurisdiction over this hybrid proceeding.

At the very least, if the Court is inclined to remand the Article 78, it should likewise remand the § 1983 claim related to the constitutionality of the Article 78 standard as well.[9]

While a § 1983 constitutional challenge is improper in an Article 78 proceeding, it is entirely proper to bring a constitutional challenge in a *hybrid* proceeding and action[10] [*Mulcahy v. New York City Dep't of Educ.*, 99 A.D.3d 535, 536 (1st Dept. 2012) (Article 78 and hybrid § 1983 challenging "property interest protected by the Constitution.")] because "federal and state courts possess concurrent jurisdiction over 42 USC § 1983 actions." *Mulcahy*, at 535, citing, *Felder v. Casey*, 487 U.S. 131, 138 (1988); see also, *Coma Realty Corp. v. Davis*, 200 A.D.3d 975 (2d Dept.

---

[9] Firearm licensing is, in fact, a ministerial duty. *Bruen* upheld the enforcement of "shall issue" licensing regimes which "contain only narrow, objective, and definite standards guiding licensing officials" [*Bruen*, at 2138, n. 9] – unlike "may issue" regimes like New York's which "require[e] the appraisal of facts, the exercise of judgment, and the formation of an opinion - features that typify proper-cause standards like New York's." *Bruen*, at 2138 (citation omitted). Issuing a license to exercise a right presumptively protected by the Constitution is not subject to discretion and, is therefore, ministerial. There is no 'novel' issue to be determined in this case.

[10] Contrary to Respondent's representation, hybrid Article 78/Declaratory judgment actions are improperly brought in the Appellate Division in situations where the Article 78 was *transferred* to the Appellate Division based on a substantial evidence question under CPLR 7803. See, *Westside Grocery & Deli, LLC v. City of Syracuse*, 211 A.D.3d 1551 (N.Y. App. Div. 2022) ("as statute governing transfer of Article 78 proceedings did not authorize transfer of declaratory judgment action."); see also, *Matter of Blue v. Zucker*, 192 A.D.3d 1693, 1695 (4th Dept. 2021) ("The transfer of a declaratory judgment action to this Court is not authorized by CPLR 7804 (g)"); see *Matter of Applegate v. Heath*, 88 A.D.3d 699, 700 (2d Dept. 2011).

2021) (hybrid Article 78/declaratory judgment action proper vehicle to challenge constitutionality of state law) (citing cases); see also, *Alltow, Inc. v. Vill. of Wappingers Falls*, 94 A.D.3d 879 (2d Dept. 2012) (Article 78 and § 1983/property interest); *Rojas v. Suffolk Cnty. Sheriff's Off.*, 73 N.Y.S.3d 860, 865 (N.Y. Sup. Ct. 2018) (Article 78 and § 1983/immigration policy); *Spence v. New York State Dep't of Agric. & Markets*, 154 A.D.3d 1234, 1237 (2d Dept. 2018) (hybrid Article 78 and § 1983 First Amendment challenge); *C.F. v. New York City Dep't of Health & Mental Hygiene*, 191 A.D.3d 52 (2d Dept. 2020) (freedom of religion); *Spence*, at 993 (applying the Supreme Court's test in *Pickering v. Bd. of Ed.*, 391 U.S. 563 (1968)).

### III. STATE COURT IS BETTER ABLE TO ADJUDICATE HYBRID PROCEEDINGS

Different rules of procedure apply under CPLR Article 78 than those causes of action seeking a declaratory judgment on constitutional issues, making state court a more appropriate place to adjudicate hybrids. In a hybrid proceeding and action, separate procedural rules apply to those issues asserted pursuant to CPLR Article 78, on the one hand, and those which seek to recover damages and declaratory relief, on the other hand. *Greenberg v. Assessor of Town of Scarsdale*, 121 A.D.3d 986, 989–90 (2014). For example, the court may not employ the summary procedure applicable to a CPLR Article 78 proceeding to dispose of causes of action to recover damages or seeking a declaratory judgment. *Greenberg*, 989–90 (2014) citing, *Matter of Rosenberg v. New York State Off. of Parks, Recreation, & Historic Preserv.*, 94 A.D.3d 1006; see also, *Matter of 24 Franklin Ave. R.E. Corp. v. Heaship*, 74 A.D.3d 980, 981.

### IV. CPLR 506(b) PRECLUDES ADJUDICATION OF THIS PROCEEDING IN BROOKLYN

Whether venue is proper under 28 USC 1441(a) is immaterial to the adjudication of an Article 78 proceeding. As noted above, different rules of procedure apply under CPLR Article 78, which must be followed by the court in adjudicating such procedures.

5

Article 78 proceedings are "special proceedings", not causes of action, and are a creation of statute, which the State Legislature requires "shall be brought in the supreme court in the county specified in subdivision (b) of section 506 except as that subdivision otherwise provides."[11]

Respondents/Defendants ignore the plain language of the CPLR, which evidence the State's intention to retain exclusive jurisdiction of Article 78 special proceedings squarely in the state supreme courthouse. CPLR 7804(a), (b).

Likewise, under CPLR 506, which applies to all Article 78 proceedings against body or officer (as is the case here), the proceeding "shall be commenced in any county within the judicial district where the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or where the proceedings were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located…"

New York's Civil Practice Laws and Rules requires Article 78 proceedings be brought in state Supreme Court and dictates the proper county for adjudication. The material facts occurred in Richmond County and the final determination being challenged was made in New York County – there is no connection to Kings County, making adjudication of the Article 78 in this Court improper under the CPLR. C.f., *Dorce v. City of New York*, 2 F.4th 82, 96 (2d Cir. 2021) ("Federal courts generally abstain from cases that challenge state taxation schemes).

---

[11] Article 78 is "a novel and special creation of state law" and "a purely state procedural remedy." *E. End Eruv Ass'n, Inc. v. Town of Southampton*, No. CV 13-4810 AKT, 2014 WL 4826226, at *18 (E.D.N.Y. Sept. 24, 2014) (conducting thorough analysis)) citing, *Camacho v. Brandon*, 56 F.Supp.2d 370, 379–80 (S.D.N.Y.1999) (citations omitted);

Whether Richmond County or New York County[12] is the "proper" county, it certainly is not Kings County, where this Court sits. To the extent that state law conflicts with federal removal statutes, New York State has the sovereign right to retain exclusive jurisdiction over its governing procedural regulations.

**CONCLUSION**

Petitioner/Plaintiff's motion to remand should be granted in its entirety.

Dated: February 3, 2023

                                          Respectfully,

                                          THE BELLANTONI LAW FIRM, PLLC
                                          *Attorneys for Petitioner/Plaintiff*

By:    *Amy L. Bellantoni*
                                          Amy L. Bellantoni (AB3061)
                                          2 Overhill Road, Suite 400
                                          Scarsdale, New York 10583
                                          abell@bellantoni-law.com

---

[12] Under CPLR 506(b), Richmond County is a proper venue for Petitioner/Plaintiff's Article 78 proceeding. See, *Charles v. Shea,* Index No.726017/21 (Queens Sup.Ct., April 11, 2022) (Caloras, J.) ("Respondents have failed to demonstrate that Petitioner improperly placed venue in Queens County, as the underlying events that gave rise to Respondents' final determination [of the renewal of petitioner's handgun license] are related to Petitioner's activities which occurred in Queens County.").

7

**Short Form Order**
**NEW YORK SUPREME COURT - QUEENS COUNTY**
**PRESENT: HON. ROBERT I. CALORAS PART 36**
Justice
-------------------------------------------------------------------------X
**In the Matter of Pastor HANNAYS CHARLES,**
Petitioner,
**For an Order of Mandamus to Compel the Renewal of Business Carry Handgun License No. 2011000247, and/or Order and Judgment Pursuant to Article 78 of the Civil Practice Law and Rules,**
-against-
**DERMOT SHEA, in his official capacity as Police Commissioner, and all successors therein, JONATHAN DAVID, in his official capacity as Director, NYPD License Division,**
Respondents.
-------------------------------------------------------------------------X

Index No.726017/21
Sequence No. 2



The following papers E12-E19 read on this motion by Respondents for an order pursuant to CPLR 504 and 511: (1) changing the venue of the above-captioned proceeding from the County of Queens to the County of New York on the grounds that the County of Queens is not the county within the city in which the cause of action arose; and (2) directing the Clerk of the Court, New York Supreme Court, County of Queens, to transfer all papers and certified copies of minutes and entries filed, entered or recorded in this action to the Clerk of the Court, New York Supreme Court, County of New York.

|  | Papers Numbered |
|---|---|
| Notice of Motion-Affirmation-Exhibits .............................. | E12-E17 |
| Affirmation in Opposition-Exhibits .................................... | E18-E19 |

Upon the foregoing papers, it is ordered that Respondents' motion is denied for the following reasons:

On November 19, 2021, Petitioner commenced this action by filing a Petition, wherein he alleged the following: since 2011 he has held a valid New York City Limited Business Carry Handgun License ("Business Carry License") issued by the NYPD License Division. Pursuant to Penal Law 400.00(10), he is required to renew his Business Carry License every three years. The business that formed the basis for the issuance of his Business Carry License in 2011, and that forms the basis for the continuation of his Business Carry License, is El Shaddai Ministry, located in Queens County. El Shaddai Ministry is located is a high crime area. He has assisted NYPD law enforcement in the past by providing images from his security camera because of a violent gun-related incident in his neighborhood. Respondents (and/or their predecessors) have renewed his Business Carry License every three years since it was issued in 2011. On April 26, 2021, the License Division issued an initial disapproval of his request for the renewal of his Business Carry License. On June 3, 2021, he filed an appeal with the License Division, Appeal Unit. On July 21, 2021, Jonathan David, Director of the License Division for the NYPD, sent a letter to his attorney notifying him that his appeal was denied.

Respondent now moves to change the venue of this action from Queens County to New York County. Respondent argues that New York County is the proper venue for this matter, because the NYPD's decision-making process for the final determination here took place at One Police Plaza in New York County. Petitioner opposes, and argues that pursuant to CPLR 506(b), the material events that took place occurred in Queens County.

CPLR 7804 (b) provides that "a [p]roceeding under this article shall be brought in the supreme court in the county specified in subdivision (b) of section 506 except as that subdivision otherwise provides". CPLR 506 (b) states, in pertinent part, that "[a] proceeding against a body or officer shall be commenced in any county within the judicial district where the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or where the proceedings were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located . . .". In the context of CPLR §506(b), the phrase "where the material events otherwise took place" is construed to mean "the county wherein occurred the underlying events which gave rise to the official action complained of" (Daley v Board of Estimate of the City of New York, 258 AD 165, 166, [2nd Dept 1939]; Matter of Brothers of Mercy Nursing and Rehabilitation Center v De Buono, 237 AD2d 907, 907-908 [4th Dept 1997]).

Here, the Court finds that Respondents have failed to demonstrate that Petitioner improperly placed venue in Queens County, as the underlying events that gave rise to Respondents' final determination are related to Petitioner's activities which occurred in Queens County. Contrary to Respondent's claims, the decision issued by the First Department in Matter of Rozenberg v Shea, 200 AD3d 438 (1st Dept. 2021) does not support a finding that venue for the instant matter should be changed to New York County. In that case, the First Department found that "Petitioner failed to identify any acts he performed that 'gave rise to' the determination, or any enforcement actions arising from regulatory violations, for which material events necessary to the determination occurred in Bronx County". Unlike the Petitioner in Matter of Rozenberg v Shea, the Petitioner in the instant matter alleged, with specificity, factors and events located in Queens County which were considered by the License Division in making their final determination. Accordingly, Respondents' motion is denied.

**DATED: April 11, 2022**

_____
**ROBERT I. CALORAS, J.S.C.**