| | |
|---|---|
| Joseph Garofalo, | |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | No. 1:22-cv-07620-NRM-VMS |
| City of New York, Police Commissioner Keechant L. Sewell, | |
| Defendants. | |

NINA R. MORRISON, United States District Judge:

Plaintiff Joseph Garofalo initially brought this case in the Supreme Court of

the State of New York, Richmond County, against Defendants City of New York and

Keechant Sewell, New York City Police Commissioner, challenging the New York

Police Department's ("NYPD") denial of his two applications for firearm licenses.

Plaintiff initiated this case as a hybrid Article 78 Petition and civil complaint. He

sought a judgment under Article 78, *see* N.Y. C.P.L.R. § 7801 *et seq.*, nullifying and

setting aside the licensing decisions and brought federal constitutional claims under

42 U.S.C. § 1983. Plaintiff argues that the New York City regulations under which

his applications were denied violate the Second and Fourteenth Amendments of the

U.S. Constitution, and that the "arbitrary and capricious" standard of review for

Article 78 petitions is unconstitutional as applied to a court's review of an agency's

decision to deny an application for a firearm license.

On December 15, 2022, Defendants removed the case to federal court on the basis of federal question jurisdiction. Plaintiff now moves to remand the case to state court, arguing that this Court does not have jurisdiction over this action because part of the relief he seeks is a judgment setting aside the NYPD's denial of his application for firearm licenses pursuant to a New York State law provision known as Article 78. *See* N.Y. C.P.L.R. § 7801 *et seq*.

For the reasons set forth below, Plaintiff's motion to remand is denied.

## I.    Background

Plaintiff, a resident of Richmond County, New York, Compl., ECF No. 1-1 ¶ 9, applied for two licenses to possess and purchase firearms—one for a Premise Residence handgun license and one for a rifle/shotgun license. *Id.* ¶¶ 20–21. The New York Police Department ("NYPD") License Division denied both applications. *Id.* ¶ 22. Plaintiff appealed both decisions, and the NYPD denied both appeals on August 2, 2022. *Id.* ¶ 23–24, *see* Ex. 1, Ex. 2, ECF No. 1-1 at 24–28.

In adjudicating these applications, the Licensing Division applied several New York City regulations—N.Y.C. Administrative Code § 10-303(a), and two provisions of the Rules of the City of New York ("RCNY"), 38 RCNY § 3-03, and 38 RCNY § 5-10—which provide that applications for permits may be denied where an applicant lacks "good moral character," and list specific factors to be considered in such an assessment. Plaintiff's applications were rejected on the ground that he lacked good moral character. ECF No. 1-1 at 24, 27. The NYPD based this assessment on Plaintiff's several recent violations of court orders of protection

regarding contact with his ex-wife, his arrest and domestic violence incident history, and his failure to disclose several arrests and domestic violence incidents in his applications. *See* ECF No. 1-1 at 24–28.

Following the denial of his applications, Plaintiff initiated this action in Richmond County Supreme Court on December 2, 2022, styled as a hybrid Article 78 petition and civil complaint. Notice of Removal, ECF No. 1 ¶ 1; Compl. ¶ 1. Under Article 78, Plaintiff seeks a judgment setting aside the licensing board's denial of his applications for licenses. Compl. ¶ 2. He also brings federal constitutional claims under 42 U.S.C. § 1983. *See* Compl. ¶¶ 83–86. He argues that the regulations under which his applications were denied violate the Second and Fourteenth Amendments pursuant to the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2122–23 (2022), Compl. ¶¶ 3, 64–66, as does the application of the "arbitrary and capricious" standard to Article 78 review of gun licensing decisions. Compl. ¶¶ 4, 69–71, 79. Plaintiff seeks declaratory relief, *id.* ¶¶ 78–79, an injunction barring the City from applying the challenged regulations, *id.* ¶¶ 80–82, and damages. *Id.* at 17 ("Wherefore" clauses).

On December 15, 2022, Defendants timely removed this action to the Eastern District of New York, invoking federal question jurisdiction. Notice of Removal ¶¶ 3, 6. Plaintiff timely filed a motion to remand on January 10, 2023. Pl.'s Mot. to Remand, ECF No. 8.

II. **Discussion**

    A. **Legal Standard**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, a "state-court defendant may remove a civil action to federal court if the action could have been filed in federal court in the first place." *Solomon v. St. Joseph Hosp.*, 62 F.4th 54, 60 (2d Cir. 2023); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 (2d Cir. 2019) ("Section 1441 permits removal on the basis of either federal question jurisdiction or diversity of citizenship.").

Under 28 U.S.C. § 1441(c), "the entire action may be removed" if there are any claims "arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 . . . )," notwithstanding the presence of state law claims. However, upon removal the court should sever and remand any claims over which it has neither "original [n]or supplemental jurisdiction," 28 U.S.C .§ 1441(c)(1)(B), while retaining jurisdiction over the federal claims. *Id.* § 1441(c)(2); *Residents & Fams. United to Save Our Adult Homes v. Zucker*, No. 16-CV-1683 (NGG) (RER), 2017 WL 5496277, at *12 (E.D.N.Y. Jan. 24, 2017).

When a defendant seeks to remove a case to federal court, "the defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021) ("The removing defendant has the burden of establishing federal jurisdiction.").

## B. Federal Question Jurisdiction

Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "This provision for federal-question jurisdiction is invoked by and large by . . . pleading a cause of action created by federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016).

Federal question jurisdiction plainly exists here. Plaintiff affirmatively pleads a cause of action under a federal statute, 42 U.S.C. § 1983, under which he argues that defendants are "liable to Plaintiff for violating his Second and Fourteenth Amendment rights." *See* Compl. ¶¶ 84, 86. By "pleading a federal cause of action," and invoking the U.S. Constitution, Plaintiff has established federal question jurisdiction in an obvious way. *Tantaros*, 12 F.4th at 140 ("[F]ederal question jurisdiction is typically invoked by a plaintiff pleading a federal cause of action . . . ."). Although Plaintiff's complaint is not a model of clarity, this cause of action seems to encompass Plaintiff's arguments both that the city regulations are unconstitutional and that the "arbitrary and capricious" standard—one standard under which Article 78 petitions are adjudicated by the courts, *see* N.Y. C.P.L.R. § 7803(3)—is unconstitutional as applied to petitions that challenge state officials' gun licensing decisions. *See* Compl. ¶¶ 78-79.

Accordingly, based on the presence of the federal constitutional claims in his complaint, Plaintiff's motion to remand the case is without merit. *See* Pl.'s Mem. in Supp. of Mot. to Remand ("Pl.'s Mem."), ECF No. 8-3, at 11. This action includes a

claim over which this court has federal question jurisdiction, and as such the case may be removed under § 1441(c). "[F]ederal courts are obliged to decide cases within the scope of federal jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *Mochary v. Bergstein*, 42 F.4th 80, 84 (2d Cir. 2022) ("Where a federal court has subject matter jurisdiction, it has a 'virtually unflagging obligation to exercise that jurisdiction,' even if an action concerning the same matter is pending in state court." (quoting *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir. 1986))). And it is well established that "[a] single claim over which federal-question jurisdiction exists is sufficient to allow removal." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563–64 (2005)).

### C. Supplemental Jurisdiction

The Court next considers whether it has "original or supplemental jurisdiction" over the remaining claims under 28 U.S.C. § 1441(c)—specifically, whether to retain or remand Plaintiff's claims for relief pursuant to Article 78. *See* N.Y. C.P.L.R. § 7803. Article 78 is a creature of New York State law by which a petitioner can seek "review of administrative actions," *Blatch ex rel. Clay v. Hernandez*, 360 F. Supp. 2d 595, 637 (S.D.N.Y. 2005), or other "determination[s] of a governmental body or public official," in state court, allowing courts to set aside such actions. *Abiele Contracting, Inc. v. New York City Sch. Constr. Auth.*, 689 N.E.2d 864, 866–67 (N.Y. 1997); *see* N.Y. C.P.L.R. § 7801 *et seq*. Plaintiff brings his Article 78 claim under three theories: that the licensing board (1) failed to perform

6

duty required by law, (2) acted in excess of its jurisdiction, and (3) its decision was arbitrary and capricious. *See* N.Y. C.P.L.R. 7803(1)–(3).

Defendants argue that the court has federal question jurisdiction over two of Plaintiff's three theories under Article 78, since they "turn on the application of" federal law. Defs.' Mem. in Opp'n to Pl.'s Mot. to Remand ("Defs.' Opp'n"), ECF No. 11, at 7–8 (conceding that the arbitrary & capricious theory does not arise under federal law but suggesting, without support, that the Court can delay remanding that claim until after it adjudicates the remaining claims). Federal courts have federal question jurisdiction over a "special and small category" of cases that do not state a federal cause of action but nevertheless are "arising under" federal law. *Jacobson*, 824 F.3d at 315. Courts apply a four-part test when assessing whether a claim arises under federal law, *see id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)), but neither party addresses this test here. Plaintiff does, however, argue vigorously that the Court should not exercise supplemental jurisdiction over his Article 78 claims. Pl.'s Mem. at 5–11. Accordingly, and since courts have an "independent obligation" to determine whether subject matter jurisdiction exists, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006), the Court proceeds to examine whether it may exercise supplemental jurisdiction over Plaintiff's Article 78 claims. *See Handverger v. City of Winooski*, No. 1:08-CV-246, 2009 WL 1564181, at *2 (D. Vt. June 3, 2009) ("The Court may examine *sua sponte* whether to extend supplemental jurisdiction over plaintiff's state claims under 28 U.S.C. § 1367."); *SST Glob. Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003)

("Because federal courts . . . have an independent duty to examine their jurisdiction, I find it appropriate to examine *sua sponte* whether to extend supplemental jurisdiction over the state claims." (internal quotation marks and alterations omitted)).

District courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *see F5 Capital v. Pappas*, 856 F.3d 61, 77 (2d Cir. 2017). Claims are considered "part of the same case or controversy if they derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (internal quotation marks and citation omitted). In other words, the federal and state claims "must be such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 332 (2d Cir. 2011). "[A] sufficient relationship will be found if the facts pertinent to the federal and state claims substantially overlap or if presentation of the federal claim necessarily would bring the facts underlying the state claim before the court." *BLT Rest. Grp. LLC v. Tourondel*, 855 F. Supp. 2d 4, 10 (S.D.N.Y. 2012).

"The decision to exercise supplemental jurisdiction over a state law claim is by [its] nature discretionary." *Davila v. Gutierrez*, 330 F. Supp. 3d 925, 943 (S.D.N.Y. 2018). A court may decline to exercise supplemental jurisdiction if one of the "enumerated categor[ies] of subsection 1367(c)" is satisfied. *Shahriar*, 659 F.3d at 245. That is, if "(1) the claim raises a novel or complex issue of State law, (2) the

8

claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. 1367(c). Even if one or more of these categories is satisfied, a court must "balance the values of judicial economy, convenience, fairness, and comity," in determining whether to decline to exercise jurisdiction. *RDK NY Inc.*, 2023 WL 348467, at \*4 (quoting *Klein & Co. Futures v. Bd. of Trade of New York*, 464 F.3d 255, 262 (2d Cir. 2006)).

Plaintiff's Article 78 claims arise out of the same common nucleus of operative fact as his § 1983 claims. All claims raised in his hybrid petition/complaint arise out of the NYPD's decision to deny his gun license applications. His Article 78 claims seek an order setting aside those decisions of the licensing board, and his constitutional claims argue that the regulations under which his applications were denied violate the Second and Fourteenth Amendments, and that it would violate the Second and Fourteenth Amendments for a court to apply the Article 78 "arbitrary and capricious" standard of review to the NYPD's denial of his licensing applications. Compl. ¶¶ 60–76.

However, Plaintiff argues that this Court does not have the authority to exercise jurisdiction over Article 78 claims, and even if it did, it should decline to exercise its jurisdiction as a matter of discretion. Plaintiff argues that this Court has no jurisdiction, since Article 78 provides for exclusive jurisdiction in the Supreme Court of the State of New York, and contends that New York courts are

better equipped to address these claims.  Pl.'s Mem. at 1–3, 8.  Alternatively, he

argues that the court should decline to exercise supplemental jurisdiction as a

matter of discretion, giving the state court the first opportunity to address his

claims, which he characterizes as novel questions of state law.  Pl.'s Mem. at 8–11.

Whether federal courts can exercise jurisdiction over an Article 78 petition is

a question that has been explicitly left open by the Second Circuit.  *See Carver v.*

*Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 155 (2d Cir. 2013) *as corrected*

(Sept. 27, 2013) ("We need not decide, however, whether Article 78 can, on its own,

deprive a federal court of jurisdiction over claims brought under that provision, as

some district court cases have held.").

District courts in this circuit are split on the issue of whether they can (or

should) exercise jurisdiction over Article 78 claims.  Some district courts have

concluded that they have no jurisdiction over Article 78 petitions.  *See Cartagena v.*

*City of New York*, 257 F. Supp. 2d 708, 710 (S.D.N.Y. 2003) (holding that the court

does not have discretion to exercise jurisdiction over Article 78 claims because they

are a "novel and special creation of state law"); *Morningside Supermarket Corp. v.*

*New York State Dep't of Health*, 432 F. Supp. 2d 334, 346 (S.D.N.Y. 2006) ("It is

doubtful, though, that claims under Article 78 are even amenable to a federal

district court's supplemental jurisdiction.").  Others have not gone so far but have

declined to exercise supplemental jurisdiction over Article 78 claims as a matter of

discretion.  *See, e.g.*, *Camacho v. Brandon*, 56 F. Supp. 2d 370, 380 (S.D.N.Y. 1999);

*Lucchese v. Carboni*, 22 F. Supp. 2d 256, 258 (S.D.N.Y. 1998); *Abato v. New York*

*City Off-Track Betting Corp.*, No. 03 Civ. 5849 (LTS) (HPB), 2007 WL 1659197, at *9 (S.D.N.Y. June 7, 2007); *Verbeek v. Teller*, 114 F. Supp. 2d 139, 143 (E.D.N.Y. 2000); *E. End Eruv Ass'n v. Town of Southampton*, No. CV 13-4810 (AKT), 2014 WL 4826226, at *18 (E.D.N.Y. Sept. 24. 2014) ("[E]ven assuming that the Court could properly exercise supplemental jurisdiction over Plaintiff's Article 78 claim . . . the Court has discretion to decline to do so . . . .").

On the other hand, some district courts have exercised supplemental jurisdiction over Article 78 claims where the court otherwise had federal jurisdiction over other claims raised. *Casale v. Metro Transp. Auth.*, No. 05 Civ. 4232(MBM), 2005 WL 3466405, at *5–6 (S.D.N.Y. Dec. 19, 2005); *Residents & Fams. United*, 2017 WL 5496277, at *13; *Doe v. Zucker*, No. 1:17-CV-1005 (GTS/CFH), 2018 WL 3520422, at *8 (N.D.N.Y. July 20, 2018); *Cedar Dev. E., LLC v. Town Bd. of Hurley*, No. 1:21-cv-289 (MAD/TWD), 2021 WL 3422342, at *7–8 (N.D.N.Y. Aug. 5, 2021). Indeed, in *Casale*, then-Judge Mukasey reasoned that he had discretion to exercise supplemental jurisdiction over Plaintiff's Article 78 claim where the action was brought in state court as a hybrid Article 78 petition and civil complaint, as is the underlying action here, and where he had federal question jurisdiction over the plaintiff's § 1983 claims. 2005 WL 3466405, at *1–2, 7.

The court finds the reasoning of *Casale* and subsequent cases more applicable in the context of this case. This is so for several reasons. First, although the state statute proscribes that Article 78 petitions "shall be brought in [state] supreme court," N.Y. C.P.L.R. § 7804, that "has nothing to do with whether the proceeding

11

falls within a federal jurisdictional statute." *Casale*, 2005 WL 3466405, at \*6.

Indeed, if it did, that would permit "state legislatures, not Congress, [to] control the

power of the federal judiciary." *Residents & Fams. United*, 2017 WL 5496277, at

\*13 (quoting *Casale*, 2005 WL 3466405, at \*6). "Such a result is plainly inconsistent

with the structure of the U.S. Constitution and its Supremacy Clause." *Doe v. New*

*York Univ.*, 537 F. Supp. 3d 483, 492 (S.D.N.Y. 2021) (citing U.S. Const. Art. VI, cl.

2; *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316 (1819)).[1]  The Court therefore

rejects Plaintiff's argument that, because N.Y. C.P.L.R. § 7804 mandates that

stand-alone Article 78 petitions be filed in state court, federal courts cannot have

supplemental jurisdiction over them when (as here) a plaintiff's cause of action also

includes federal claims.

Second, the Court notes that the U.S. Supreme Court has endorsed district

courts' review of federal questions brought via a vehicle for state administrative

review.  *See Casale*, 2005 WL 3466405, at \*6.  In a similar context, the Supreme

Court held that "a case containing claims that local administrative action violates

federal law, but also containing state law claims for on-the-record review of the

administrative findings, is within the jurisdiction of federal courts." *City of Chicago*

---

[1] For the same reason, Plaintiff's argument that this Court cannot have jurisdiction over the Article 78 claims because the statute requires that the petition be heard in either Richmond County or New York County is unavailing. *See* N.Y. C.P.L.R. § 506.  Plaintiff originally brought this action in Richmond County Supreme Court. *See* Notice of Removal ¶ 1.  The Eastern District of New York includes Richmond County, 28 U.S.C. § 112(c), so a case removed from Richmond County is properly filed in this district.  28 U.S.C. § 1441(a) (providing that a removed case shall be filed in the "district court of the United States for the district and division embracing the place where such action is pending.").

*v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). There, the Supreme Court held that "federal constitutional challenges to municipal administrative action brought under the Illinois Administrative Review Law were within the federal question jurisdiction of the district courts, and thus removable." *Casale*, 2005 WL 3466405, at *6 (citing *City of Chi.*, 522 U.S. at 163-66). The Court's holding suggests that federal courts may have supplemental jurisdiction over Article 78 claims if the statutory requirements of § 1367 are satisfied. *See Residents & Fams. United*, 2017 WL 5496277 ("Pursuant to *City of Chicago*, the court finds that the fact that Plaintiffs' claims are raised at least in part 'by way of a cause of action created by state law'—*i.e.* Article 78—is not an impediment to federal jurisdiction."); *Casale*, 2005 WL 3466405, at *6-7 ("As did the Supreme Court in *City of Chicago* and the Second Circuit in *Freeman* [*v. Burlington Broadcasters, Inc.*, 204 F.3d 311 (2d Cir. 2000)], I find that neither the jurisdictional statutes nor prior decisions suggest that federal jurisdiction was lacking with respect to the original petition." (internal quotation marks and alterations omitted)).

In sum, the Court has found no binding authority that divests it of discretion to consider Plaintiff's Article 78 claims. This Court will, as other district courts in this circuit have done, exercise supplemental jurisdiction over Plaintiff's claims. In so doing, the Court notes that to sever the Article 78 claims and remand to state court would run contrary to the interests of judicial economy. *See Klein & Co. Futures*, 464 F.3d at 262. To do so would create duplicative litigation, which is especially inefficient where the success or failure of Plaintiff's Article 78 claims may

hinge on the resolution of his federal constitutional claims. *See* Defs.' Opp'n at 7–8. In the same vein, while comity concerns may arise where federal courts review the actions of state actors, the Court emphasizes that here, Plaintiff's arguments turn on the application of the United States Constitution, and recent decisions of federal courts interpreting the Second Amendment in particular. In fact, Plaintiff's arguments that Defendants failed to perform a duty proscribed by law or acted in excess of their authority hinge on Plaintiff's arguments that the regulations the decisionmakers applied are unconstitutional. *See* Compl. ¶¶ 62–67 (citing *Bruen*, 142 S. Ct. at 2138). Were the Article 78 petition to require an interpretation only of state law, rather than federal constitutional law, the result might be different. But here, the Court concludes it is well within its discretion to exercise supplemental jurisdiction over Plaintiff's Article 78 claims.

## III. Conclusion

Plaintiff's motion to remand is denied. The Court has federal question jurisdiction over Plaintiff's § 1983 claims, which is sufficient to remove the entire action to federal court. 28 U.S.C. § 1441(c). Additionally, the Court possesses supplemental jurisdiction over Plaintiff's Article 78 claims and exercises its discretion to invoke such jurisdiction here. Accordingly, the Court declines to sever Plaintiff's Article 78 claims and remand them to state court under 1441(c)(2).

SO ORDERED.

*/s/ Nina R. Morrison*

NINA R. MORRISON
United States District Judge

Dated:    June 2, 2023
             Brooklyn, New York