

June 28, 2024

**VIA ECF**

Hon. Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

Re: <u>Garofalo v. City of New York, et. al.</u>,
22 Civ. 7620 (NRM) (VMS)

Your Honor:

I represent the plaintiff, Joseph Garofalo, in the above-referenced matter. I write on behalf of all parties to provide the Court with a status report consistent with Your Honor's April 2, 2024 text Order.

By way of brief background, on September 29, 2023, this litigation was stayed at the City's request pending the Supreme Court's decision in *United States v. Rahimi*, No. 22-915, 2024 WL 3074728 (U.S. June 21, 2024).

Now that *Rahimi* has been decided, the parties have met, conferred and discussed their intentions moving forward.

*Plaintiff's Position*

Plaintiff intends to proceed with a motion for summary judgment. However, Defendants have noted their desire to take Plaintiff's deposition. Plaintiff objects on two grounds.[1] ***First***, as to Plaintiff's facial challenge to the New York City statutes, there is no relevant or material information to be sought or obtained by taking Plaintiff's deposition. The government must justify its firearm regulations based on the text, history, and tradition of firearm regulations in America. *NYSRPA v. Bruen*, 597 U.S. 1, 17 (2022). The issue before the Court is a legal, not factual, determination.

***Second,*** as to Plaintiff's as-applied challenge, the License Division denied Plaintiff's license applications based on the information before it – the administrative record – and Defendants' enforcement of the challenged firearm regulations. Stated differently, the License Division rendered a

---

[1] As for Plaintiff's claims for monetary damages, we limit such claims to 'garden variety' and nominal damages. In that connection, a post-motion hearing on damages before the Court, rather than a pre-motion deposition, would be more economical. That said, Plaintiff acknowledges that a limited deposition on the issue of monetary damages would not be improper but does not form a basis to delay motion practice on the issue of liability.

2 Overhill Road, Suite 400  info@bellantoni-law.com  (914) 367-0090 (t)
Scarsdale, New York 10583  www.bellantoni-law.com  (888) 763-9761 (f)

determination based on a finite world of documents and information. Defendants should not be permitted to search for, and expand upon, information that was neither before the License Division nor relied upon when denying Plaintiff's applications, which would be improper and unduly prejudicial to Plaintiff. C.f., *United States v. Traylor*, No. 07-CR-6125L, 2009 WL 87470, at *2 (W.D.N.Y. Jan. 12, 2009), aff'd, 396 F. App'x 725 (2d Cir. 2010) ("officers cannot justify an arrest and a search by what is discovered after the fact") citing *United States v. Spinner*, 475 F.3d 356, 359 n. * (D.C.Cir.2007) ("a search not justified when it is begun cannot be used to elicit evidence with which to justify the search after the fact"); accord *United State v. Pitts*, 322 F.3d 449, 458–59 (7th Cir.2003).

***Defendants' Position***

The City likewise intends to seek summary judgment in this litigation but not before conducting limited discovery, including the deposition of the only named plaintiff. Any attempt by Plaintiff to block his deposition in its entirety or limit its scope would be without a basis in law. Defendants are entitled to mount a defense against the allegations in the pleading, which should include a deposition of the plaintiff. Indeed, Federal Rule of Civil Procedure 37(d)(1)(A) and case law contemplate the possibility of sanctions for failing to attend a duly noticed deposition. See Morris v. New York City, No. 14-1749, 2016 U.S. Dist. LEXIS 76818, at *7 (E.D.N.Y. June 9, 2016). To the extent that counsel for Plaintiff deems questions at the deposition to be irrelevant, she can note her objection and preserve such objection for the future.

Based on the above, the parties request a conference with the Court. To the extent that the Court's schedule allows, counsel are available for a phone conference on the following dates: July 16, 19, and 23.

Should counsel be permitted to proceed directly to summary judgment, we acknowledge the Court's Individual Practice Rule 5. Because we anticipate the filing of cross-motions, we respectfully request that the 10-day timeframe to file a response to a pre-motion letter and accompanying 56.1 Statement be enlarged to 30 days or, in the alternative, that counsel be permitted to submit a motion schedule for the Court's consideration in lieu of the pre-motion requirement.

Thank you for the Court's consideration.

Respectfully,

*Amy L. Bellantoni*
Amy L. Bellantoni

cc: Counsel of Record (via ECF)