

December 19, 2024

**By ECF**

Hon. Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

Re: <u>Garofalo v. City of New York, et. al.</u>,
22 Civ. 7620 (NRM) (VMS)

Your Honor:

I represent the plaintiff, Joseph Garofalo, in the above-referenced matter.

I write to request the Court's intervention with respect to the defendant's non-compliance with Your Honor's November 20, 2024 Order to produce the documents requested by Plaintiff. The parties have attempted to resolve this dispute, including meeting and conferring on December 12, 2024. During the meet and confer, the undersigned did agree to narrow Plaintiff's requests from Nos. 1-10 and 12 to Nos. 1, 2 and 4. The City continues to persist in its noncompliance with this Court's Order and the concessions made in Defendants' October 24, 2024 status report.[1] Defendants have also waived their ability to object to Plaintiff's requests.

On November 20, 2024, Your Honor ordered the following:

ORDER. The schedule at ECF No. 23 is adopted. Defendants will produce any non-privileged documents that are responsive to Document Request Nos. 1-10 and 12 by 11/25/2024, and any non-privileged documents that are responsive to Document Request No. 11 by 1/24/2025. In addition, Defendants must provide a privilege log for Document Requests 1-10, 12 by 11/25/24, and for Document Request 11 by 1/24/2025. Additional document requests and interrogatories must be served on or before by 11/25/2024. Any requests for admission pursuant to Federal Rule of Civil Procedure 36 must be served by 1/31/2025. Fact discovery closes on or before 2/28/2025. By 1/31/2025, counsel must file a status letter stating whether they intend to conduct expert discovery, and if they do, to propose a schedule. If they do not intend to conduct expert discovery, they must file a letter confirming the conclusion of discovery by 2/28/2025, and they must commence dispositive motion practice by 3/28/2025. Ordered by Magistrate Judge Vera M. Scanlon on 11/20/2024. (SH) (Entered: 11/20/2024)

---

[1] In July 2023, the City produced Plaintiff's License Division file in its initial Rule 26 disclosures, which is not the subject of this motion.

In the City's October 24, 2024 status report to the Court [ECF 23], it acknowledged that Plaintiff served demands for the production of documents and electronically stored information on September 18, 2024, summarized the documents sought therein, and then represented to Your Honor, "Defendants will produce any non-privileged documents that are responsive to Document Request Nos. 1-10 and 12 by November 25, 2024, and any non-privileged documents that are responsive to Document Request No. 11 by January 24, 2025." The City's representations presumably formed the basis for the Court's November 20, 2024 Order.

On November 25, 2024, the City served the undersigned with Defendants' Responses and Objections to Plaintiff's Request for Production of Documents, which unequivocally objected to every document request made by Plaintiff, agreed to by the City in its October 24, 2024 status report, and this Court's November 20th Order.

Defendants waived their ability to object to Plaintiff's September 18, 2024 discovery requests. "It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available. The case law in this Circuit on this very issue is legion." *Sanchez v. Aircraft Finishing Corp.*, No. 21CV02309PKCJMW, 2022 WL 4121391, at \*2 (E.D.N.Y. Sept. 9, 2022) (citing cases); *Chowdhury v. Hamza Express Food Corp.*, No. 14-CV-150 (JBW), 2014 WL 12834831, at \*2 (E.D.N.Y. Sept. 25, 2014) ("By failing to timely assert their objections within 30 days of service of the discovery demands, defendants have waived those objections."). "Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.'" *Eldaghar v. City of New York Department of Citywide Administrative Services*, No. 02 Civ. 9151, 2003 WL 22455224, at \*1 (S.D.N.Y. Oct. 28, 2003).

Defendants not only failed to serve and/or express an objection to Plaintiff's September 18, 2024 demands within the statutory time period, they affirmatively represented to this Court in their October 24th status report that they would, in fact, produce all non-privileged documents and communications responsive to Plaintiff's demands.

Defendants also disobeyed a direct Order of this Court that required them to <u>produce the documents requested</u> by November 25, 2024, not simply 'respond' to Plaintiff's demands.

Based on the above, Plaintiff requests that the Court issue an Order compelling Defendants to comply with the November 20, 2024 Order and produce all responsive, nonprivileged documents forthwith. Thank you for your consideration.

Respectfully,

*Amy L. Bellantoni*
Amy L. Bellantoni

cc: Counsel of Record (via ECF)