

| MURIEL GOODE-TRUFANT<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Nicholas R. Ciappetta<br>Administrative Law and Regulatory Litigation Division<br>(212) 356-4036<br>nciappet@law.nyc.gov |
|---|---|---|

January 17, 2025

**BY ECF**
Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

Re: Joseph Garofalo v. New York City, *et al*., 22 CV 7620 (NM)(VMS)

Dear Judge Scanlon:

I am an attorney in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and counsel for the Defendants – the City of New York and New York City Police Department ("NYPD") Commissioner Jessica Tisch[1] – in the above-referenced action. We write in response to the Court's January 13, 2025 request for supplemental briefing regarding the December 19, 2024 motion by Plaintiff Joseph Garofalo ("Plaintiff") seeking to compel Defendants to produce hundreds of irrelevant license application decisions made by the NYPD since January 1, 2020. See Docket Entry No. 24. For the reasons set forth below, Plaintiff's motion should be denied.

To start, Defendants did not waive their relevancy objections by entering into the October 25, 2024 schedule (which was adopted as the November 20, 2024 Order). Under Fed. R. Civ. P. 34(b)(2)(A), the "party to whom the request is directed must respond in writing within 30 days after being served…[although a] longer time may be…ordered by the court." A longer time

---

[1] Plaintiff originally named then-NYPD Commissioner Keechant Sewell as a defendant in her official capacity as Commissioner of the New York City Police Department. Sewell resigned effective June 30, 2023. Jessica Tisch was appointed Commissioner of the NYPD effective November 25, 2024, by New York City Mayor Eric Adams. Pursuant to Federal Rule of Civil Procedure 25(d), the successor of a public officer is automatically substituted as a party when the originally named public officer "ceases to hold office while the action is pending."

to respond *was* in fact ordered by the Court, therefore Defendants had until November 25, 2024, the date set forth in the November 20, 2024 Order to respond to Plaintiff's Rule 34 request or otherwise object. Further, Defendants could not have raised their relevancy objection prior to the date of their response to the Rule 34 request. A relevancy objection is waived if it is not raised at the time of a response. See N.Y. Cent. Mut. Fire Ins. Co. v. Nissan N. Am., Inc., No. 22 Civ, 272WMS(F), 2023 U.S. Dist. LEXIS 174474, at *9 (W.D.N.Y. Sep. 28, 2023) ("To be effective, relevancy objections must be asserted at the time of a response to a Rule 34(a) document request is served, otherwise it is waived."). As, pursuant to the November 20, 2024 Order, no response was due until November 25, 2024, any objection raised prior would have been untimely. Thus, Defendants did not waive any objection as to relevancy.

In any event, Plaintiff is not entitled documents that are not relevant. Under Fed. R. Civ. P. 26(b)(1), Plaintiff is only entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Information is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" Vaigasi v. Solow Mgmt. Corp., No. 11 Civ 5088 (RMB), 2016 U.S. Dist. LEXIS 18460, at *35 (S.D.N.Y. Feb. 16, 2016) (citations omitted). "Further, Federal Rule 34 requires a party to produce all responsive documents *within the scope of Rule 26* within its 'possession, custody, or control.' See Fed. R. Civ. P. 34(a)." Norton v. Town of Islip, No. 04 Civ. 3079 (PKC) (SIL), 2018 U.S. Dist. LEXIS 177811, at *16 (E.D.N.Y. Oct. 16, 2018) (emphasis added). Thus, even if the Court were to find that Defendants had waived any objections due to the service of their discovery responses after the 30 day period allowed by Fed. R. Civ. P. 34(b)(2)(A), a "waiver of [their] objections does not otherwise excuse this Court from its obligation to manage discovery in this case . . . including limiting its scope as appropriate." Arnold v. Indep. Health Ass'n, No. 17 Civ. 01260 (FPG)(JJM), 2019 U.S. Dist. LEXIS 142816, at *12 (W.D.N.Y. Aug. 22, 2019).

The discovery requests at issue seek irrelevant information. Application decisions concerning nonparties will not make any fact in dispute in this case more or less probable, and Plaintiff has failed to counter this argument. In the first instance, most of the relief sought in this case is now moot since Plaintiff was issued a Premises License and a Rifle/Shotgun Permit. Further, the constitutionality of the challenged rules turns on the application of the framework established by the Supreme Court in N.Y. State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), not whether unnamed and unrepresented individuals were also denied under the challenged regulations. Finally, as stated in Defendants' letter-brief dated December 26, 2024, the NYPD License Division reviews an application for a license based on the individual and distinctive circumstances presented by each applicant, and not in comparison to previously decided applications.[2] Thus, Federal Rule of Civil Procedure 26 warrants denial of Plaintiff's motion to compel the production of these clearly irrelevant documents.

For the foregoing reasons, Plaintiff's motion to compel should be denied.

---

[2] Defendants have not objected to the production of Plaintiff's application file or nonprivileged documents concerning the NYPD License Division's decision to deny Plaintiff a Premises License and a Rifle/Shotgun Permit. Indeed, many of these documents were produced prior to Plaintiff's document demands as part of Defendants' Fed. R. Civ. P. Rule 26 initial disclosures and are annexed hereto as Exhibit "A".

Respectfully submitted,
/s/
Nicholas Ciappetta
Genan Zilkha
Assistant Corporation Counsels